IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-194-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT PERNELL WILKINS, | ) | |
| | ) | |
| Defendant. | ) | |

On October 17, 2011, pursuant to a written plea agreement, Robert Pernell Wilkins

("Wilkins") pleaded guilty to conspiracy to possess with intent to distribute 28 grams or more of

cocaine base (crack) and 500 grams of cocaine. See [D.E. 1, 71, 72]. On April 2, 2012, the court

held Wilkins's sentencing hearing. See [D.E. 98, 99]. At the hearing, the court adopted the facts

set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B); PSR

[D.E. 95]. The court calculated Wilkins's total offense level to be 31, his criminal history category

to be III, and his advisory guideline range to be 135 to 168 months' imprisonment. See Statement

of Reasons [D.E. 100]. After granting the government's motion under U.S.S.G. § 5K1.1 and

thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Wilkins

to 99 months' imprisonment. See id.; Judgment [D.E. 99]. Wilkins did not appeal.

On February 13, 2015, Wilkins moved for a sentence reduction under 18 U.S.C. § 3582(c)(2)

U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 158]. On November 2, 2015, Wilkins filed a

memorandum in support [D.E. 164]. Wilkins's new advisory guideline range is 108 to 135 months'

imprisonment, based on a total offense level of 29 and a criminal history category of III. See

Resentencing Report. Wilkins requests a 79-month sentence. See id.; [D.E. 164-1] 1.

The court has discretion to reduce Wilkins's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Wilkins's sentence, the court finds that Wilkins engaged in serious criminal behavior. See PSR ¶¶ 13–18. The conspiracy took place for a prolonged period and involved approximately 155 grams of cocaine base (crack) and 7.3 kilograms of cocaine. See id. Wilkins also possessed ammunition and two loaded firearms. Id. ¶ 18. Wilkins also has a prior convictions for possession with intent to sell and deliver marijuana, possession of schedule II controlled substances, and simple possession of a schedule I controlled substance. See id. ¶¶ 21–29. Finally, Wilkins has taken some positive steps while incarcerated on his federal sentence, but did sustain a disciplinary infraction for stealing. See Resentencing Report; [D.E. 164]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Wilkins received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Wilkins's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Wilkins's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79;

2

Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Wilkins's corrected motion for reduction of sentence [D.E. 158].

SO ORDERED. This 14 day of December 2017.

JAMES C. DEVER III
Chief United States District Judge